IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF RICARDO ESCOBEDO ET AL, | No. C03-03204 MJJ |
| Plaintiff, | **ORDER RE PLAINTIFF'S MOTION FOR CIVIL CONTEMPT and DEFENDANTS' MOTION TO DISMISS FOR LACK OF STANDING** |
| v. | |
| CITY OF REDWOOD CITY ET AL, | |
| Defendant. | |

Pending before the Court are: (1) Plaintiff Denise Guidici's Motion for Civil Contempt, Sanctions, and Attorneys' Fees (Doc. #168); and (2) Defendants' Motion to Dismiss for Lack of Standing (Doc. #155). For the following reasons, the Court **DENIES** Defendants' Motion, and **GRANTS IN PART** Plaintiff's Motion.

I.   Background

On July 10, 2003, Plaintiffs the Estate of Ricardo Escobedo and the two minor children of Mr. Escobedo, Justin and Devin, represented by guardians ad litem Denise Guidici and Tracy Gagey, filed this lawsuit against Defendants City of Redwood City and eight individual police officers alleging that the officers' use of led to the death of Mr. Escobedo. On 31, 2005, the parties entered into a Settlement Agreement before Magistrate Judge Zimmerman and put it on record. Subsequently, the Estate and Devin contested the Settlement. Defendants thereafter filed a Motion to Enforce Settlement. The Court referred the Motion to Magistrate Judge Chen for consideration. On September 30, 2005, Judge Chen issued a Report and Recommendation, granting Defendants' Motion in part, and denying it, in part.

Particularly, Judge Chen recommended that the Court grant Defendant's Motion with respect to Devin, but deny the Motion with respect to the Estate, Both the Plaintiffs and Defendants filed objections to the R&R. After considering the parties' objections, this Court issued an Order overruling the parties' objections and adopting Judge Chen's R&R. Defendants now move to dismiss the Estate's remaining action for lack of standing. Concurrently, Denise Guidici has filed a Motion for Civil Contempt against Defendants' counsel based on Defendants' failure to comply with the terms of Judge Zimmerman's Amended Order Approving Petition to Compromise Claims of Minors, wherein he ordered that Defendants pay Plaintiffs' counsel $83,325 in attorneys' fees. Both Motions are now before the Court.

## II. Motion to Dismiss

Defendants move to dismiss this action because: (1) Robert and Antonio Escobedo do not represent the Estate of Ricardo Escobedo in this action and lack standing to object to the settlement reached in this matter; (2) a full and final settlement was reached with the real parties in interest on January 31, 2005; (3) the real parties in interest have executed a complete release of all claims and are contractually barred from any further recovery of damages from Defendants; and (4) Robert and Antonio Escobedo have no standing to maintain an action under § 1983 in their own names.

### A. Standing to Maintain § 1983 Claim

Defendants first contend that Mr. Escobedo's brothers do not have standing to bring a § 1983 claim in their own name, and cite *Ward v. City of San Jose*, 967 F.2d 280 (9th Cir. 1992), in support. As the Estate points out, Roberto and Antonio Escobedo are not asserting a §1983 claim on their own behalf, but as representatives of Mr. Escobedo's Estate. Defendants' argument is therefore unfounded. The Court therefore turns to Defendants' alternative arguments regarding standing.

### B. Proper Representatives of the Estate and Effect of the Settlement Agreement

The thrust of Defendants' Motion is that because Antonio and Roberto Escobedo had not been appointed administrators of the Estate at the time that this lawsuit was filed, the minors' guardians ad litem - Denise Guidici and Tracy Gagey - are the actual Estate representatives and had the capacity to enter into a binding settlement of all claims against the Estate on January 31, 2005. Defendants' argument, however, belies the history of this litigation.

Although Defendants are correct that Antonio and Roberto Escobedo were not appointed

administrators of Mr. Escobedo's Estate until September 10, 2004[1] - a date which post-dates the filing of the Complaint in this matter - their appointment still preceded the settlement agreement entered into in January 2005. Thus, at the time of the Settlement Agreement, it was clear to all parties and the Court that Antonio and Roberto Escobedo were acting as administrators of the Estate and represented the Estate in this action. In fact, Defendants fail to point to any evidence in the record suggesting that either Denise Giudici or Tracy Gagey was acting on behalf of the estate. Moreover, any doubt as to who was representing the Estate in this matter was cleared up at the time Judge Chen heard Defendants' Motion to Enforce the Settlement Agreement. As Judge Chen's September 30, 2005 Report and Recommendation regarding Defendants' Motion aptly illuminates, because the administrators of the Estate (Antonio and Roberto Escobedo) were not present at the settlement conference, the Settlement Agreement was unenforceable as to the Estate. Particularly, Judge Chen stated:

> Of course, an argument could be made that the settlement agreement should still be enforced even though the Estate was not present at the settlement conference to express its views on the § 1983 claim because, even if the Estate were [to] prevail on the claim, in the end, it is Ricardo Escobedo's children, Justin and Devin, who would reap the benefits as the heirs, and the children's guardians ad litem were present at and participated in the settlement conference. While it may be true that the ultimate beneficiaries are Justin and Devin, the Court cannot gloss over the fact that the Estate was a proper party in this case and appears to have legal standing as a plaintiff (until found otherwise by the trial court). Yet the administrators - the representatives of the Estate - did not agree to the settlement on the Estate's behalf. Therefore the requisites of California Code of Civil Procedure § 664.6 were not satisfied. *See* Cal. Code Civ. P. § 664.6 (requiring for an enforceable settlement either that the parties to the settlement stipulate to such in writing outside the presence of the court or stipulate to such orally before the court).

In its March 2, 2006 Order, the Court expressly adopted Judge Chen's reasoning that Antonio and Roberto Escobedo, as administrators of the Estate, were proper parties to this matter, and given their absence from the settlement hearing, the Settlement Agreement was unenforceable as to the Estate. Defendants have failed to present any valid basis compelling the Court to depart from this finding.

Further, as the Estate points out, Defendants' current position that the Settlement bound all parties - including the Estate - is contrary to Defendants' prior representations before Judge Chen. As Judge Chen's R&R states:

---

[1]*See* Doc. #124, ex. B.

3

> At the hearing, Defendants stated that, even without dismissal of the Estate as part of this settlement, they want to enforce the settlement reached before Judge Zimmerman against the two minor children who were represented at the settlement conference and who agreed through their representatives to the settlement. In response to this Court's questions, Defendants disclaim that this is an "all or nothing" settlement. Defendants agree to accept a partial settlement. As there was no express allocation of the $250,000 settlement sum as going to the Estate, by accepting settlement only against the two minors and obtain[ing] releases only from them and not the Estate, defendants effectively disclaim any credit or set-off (with respect to the $250,000) against the Estate's claim. As acknowledged at the hearing, Defendants have assumed the risk of having to obtain resolution by way of settlement with or judgment against the Estate. Accordingly, the Court recommends that Defendant's motion to enforce the settlement with respect to the Estate be denied.

Given Defendants' previous representations to the Court that the settlement did not embrace the Estate's claims, Defendants' current argument that the Settlement Agreement effectively bound all Plaintiff's appears disingenuous. Defendants' assertion that "Attorneys John Scott and Randolph Daar, representing *all parties*, agreed to the settlement," such that the Estate released its claims is similarly untenable. Particularly, as Judge Chen indicated, neither Antonio or Roberto Escobedo was present at the settlement hearing and Defendants have cited no evidence indicating that Mr. Daar or Mr. Scott were authorized to settle claims on the Estate's behalf.

Finally, Defendants argue that the Estate's action is barred by the Settlement Agreement because the Estate may only maintain an action on behalf of the Estate's heirs. According to Defendants, "[u]nder the terms of the release executed by the guardians ad litem for Justin Guidici and Devin Escobedo, the heirs have relinquished all claims for damages and are barred from recovering any additional damages from the [D]efendants in this matter." The Court is unpersuaded by this argument. The Estate and Mr. Escobedo's children are separate plaintiffs in this matter and have independent claims against Defendants. Nothing in the Settlement released Defendants from the Estate's claims. Moreover, Defendants have not cited any authority supporting their argument that the minor children's release of their personal claims against the Defendants prevents the Estate from pursuing its claims against Defendants because the minor children may be the ultimate recipients of any funds recovered should the Estate prevail. Defendants' argument fails to recognize the distinction between the minors' personal claims and those of the Estate - which passed to the Estate under California's survival statutes. Accordingly, the Court finds Defendants' argument that the Settlement Agreement capped the minors'

4

recovery, thereby precluding the Estate from pursuing its claims to be without merit.

C. Conclusion

In sum, Defendants have failed to present any meritorious basis to find that the Estate lacks standing to prosecute its remaining claims against Defendants or is otherwise bound by the Settlement Agreement between Defendants and Mr. Escobedo's minor children. Accordingly, the Court **DENIES** Defendants' Motion to Dismiss.

III. Motion for Civil Contempt

Denise Guidici, as guardian ad litem for Justin Guidici, seeks an Order directing Defendants and their attorney to show cause why the Court should not hold them in contempt and impose sanctions for failing to comply with Magistrate Judge Bernard Zimmerman's May 10, 2006 Amended Order Approving Petition to Compromise Claim of Minors (Doc. #154). In that Order, Judge Zimmerman found that "the facts set forth in the Petition are true and that it is in the best interests of the minors that the claim be settled for the amounts stated [in the Order] and that the proceeds from the settlement be paid and distributed as provided [in the Order]." Specifically, Judge Zimmerman ordered that, "Defendants shall be fully released and discharged from all claims of petitions arising from the facts set forth in the petitio," in exchange for: (1) the payment of $24,940.20 to Mr. Daar and Mr. Scott for reimbursement for costs advanced; (2) the payment of $20,850.92 to the Trust Account of Mr. Scott as reimbursement for costs advanced and funeral and burial expenses incurred by the Escobedo family; (3) payment of $83,325.00 to Mr. Daar and Mr. Scott as attorneys' fees; (4) payment of $60,441.94 to an annuity for Justin Guidici; and (5) payment of $60,441.94 to Tray Gagey as Trustee for Devin Escobedo. Plaintiff argues that, while Defendants have complied with these requirements, they have failed to tender payment of the $83,325.00 in attorneys' fees to Mr. Daar and Mr. Scott. Plaintiff contends that Defendants have refused to make this payment despite the Court Order and discussions with Plaintiffs' counsel, necessitating the instant Motion.

In response, Defense counsel contends that the decision to withhold payment was defense counsel's decision, not the client-Defendants, and "was not made for any improper purpose but to secure the signed release promised by Daar ad Scoot as part of the settlement and ordered by Magistrate Zimmerman." According to defense counsel:

> Upon receipt of the check for attorneys' fees, Mr. Daar and Mr. Scott will be under no obligation nor have any interest in obtaining the signatures of the Estate to the release. Defendants will have no way of obtaining the signature of Denise Guidici to the release once Mr. Daar and Mr. Scott have been paid and are out of the case. Justin Guidici has been paid all sums due him pursuant to the settlement and defendants have no control over Ms. Guidici. Only Messrs Daar and Scott can obtain her signature, once this Court finally confirms her status as a representative of the Estate.

The Court has considered the parties' arguments, and agrees with Plaintiff. As discussed above, the Estate was not a party to the Settlement Agreement. Thus, defense counsel's assertion that it is entitled to withhold payment of the attorneys' fees until Denise Guidici, as representative for the Estate signs a release, lacks any basis in either the Settlement Agreement or Judge Zimmerman's May 10th Order. Accordingly, the Court orders Defendants to make the required payment of $83,325 to Mr. Daar and Mr. Scott **by 5:00 p.m., Friday, September 15, 2006**. Further, while the Court rejects defense counsel's explanation for withholding payment, the Court finds that counsel's decision is not so egregious as to justify a finding of civil contempt or justify imposition of sanctions.

IV.    Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Dismiss (Doc. #155), and **GRANTS IN PART** Plaintiff's Motion for Civil Contempt (Doc. #168).

**IT IS SO ORDERED.**

Dated:    9/14/2006

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

6