IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF RICARDO ESCOBEDO, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY OF REDWOOD CITY, et al.,<br><br>    Defendants.<br>_____ / | No. C 03-03204 CRB<br><br>**ORDER RE: VERDICT FORM AND JURY INSTRUCTIONS** |

    Having considered the objections of counsel, and with the benefit of oral argument, the Court determines that the verdict form and instructions shall be submitted to the jury as presented in the attached Exhibit A and Exhibit B.

    As to the standard of liability applicable to a supervising officer, the Court finds that the attached jury instructions fairly and accurately communicate the law as set forth by the Ninth Circuit in <u>Lolli v. County of Orange</u>, 351 F.3d 410, 418 (9th Cir. 2003), <u>Cunningham v. Gates</u>, 229 F.3d 1271, 1292 (9th Cir. 2000), and <u>Larez v. City of Los Angeles</u>, 946 F.2d 630, 646 (9th Cir. 1991). The Court has modified the jury instructions and the verdict form to reflect the fact that this standard of supervisor liability applies to both Sergeant Steve Switzer and Sergeant Keith Harper.

    As to the question of the standard of liability applicable to individual officers who were involved in the struggle to subdue Ricardo Escobedo, the Court finds that the attached

jury instructions fairly and accurately communicate the law as set forth by the Ninth Circuit in <u>Chuman v. Wright</u>, 76 F.3d 292, 294-95 (9th Cir. 1996), and <u>Boyd v. Benton County</u>, 374 F.3d 773, 780 (9th Cir. 2004), both of which are based on the standard of liability articulated by the Fifth Circuit in <u>Melear v. Spears</u>, 862 F.2d 1177 (5th Cir.1989).  The principle of law to be gleaned from these cases is that an officer's mere presence at the scene of a constitutional violation is not sufficient to impose liability, but that liability may be imposed even if his actions did not independently constitute a unconstitutional act.  In the Court's view, Plaintiff's proposed instruction comes too close to the "team effort" standard of liability that the Ninth Circuit has repeatedly rejected.  See <u>Chuman</u>, 76 F.3d at 294-95; <u>Boyd</u>, 374 F.3d at 780.  Thus, in the exercise of its discretion, the Court has employed the terms "integral participant" and "full, active participant," which are the operative terms used by the Ninth Circuit in both <u>Chuman</u> and <u>Boyd</u>, on which Plaintiff ostensibly relies.  <u>See, e.g.</u>, <u>White v. Ford Motor Co.</u>, 312 F.3d 998, 1020 (9th Cir. 2002) ("We generally review the particular formulation of civil jury instructions for abuse of discretion.").

As for the question of punitive damages, the Court finds that its jury instructions were correct as originally proposed.  The Ninth Circuit has squarely rejected the argument presented by Defendants that it would be proper to omit the work "oppressive" in connection with the standard for punitive damages in an excessive force case.  <u>Dang v. Cross</u>, 422 F.3d 800, 814 (9th Cir. 2006) ("We hold the district court prejudicially erred in refusing to instruct the jury that punitive damages could be awarded if it found that [the officer's] acts that caused [the plaintiff's] damages were oppressively done.").

Finally, the Court declines to submit to the jury Defendants' proposed instructions on the various provisions of California law.  These sections--Penal Code §§ 148, 834a, 835a-- describe the various duties and obligations applicable under state law.  The only question presented in this trial is whether, under *federal* constitutional standards, the defendants can be held liable for the use of excessive force.  Defendants' proposed instructions regarding state law would either be cumulative, insofar as they repeat items already contained within the Ninth Circuit's model instruction, or misleading, insofar as they deviate from that model.

2

The Court has considered the other objections raised by the parties to the proposed jury instructions and verdict form and, for the reasons stated on the record, finds them to be without merit.

**IT IS SO ORDERED.**

Dated: April 20, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2003\3204\order re final instructions.wpd